UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, et al.,

          Plaintiffs,

  - against -

CONCORE EQUIPMENT INC., et al.,

          Defendants.

------------------------------------------X

10 Civ. 4227 (RWS)

OPINION

A P P E A R A N C E S:

  Attorneys for Plaintiffs

  GORLICK, KRAVITZ & LISTHAUS, P.C.
  17 State Street, 4th Floor
  New York, NY 10004
  By:  Andrew A. Gorlick, Esq.
      Deke W. Bond, Esq.

  Attorneys for Defendants

  TRIVELLA & FORTE LLP
  1311 Mamaroneck Ave., Suite 170
  White Plains, NY 10605
  By:  Christopher A. Smith, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/13

**Sweet, D.J.**

Defendants Concore Equipment, Inc. ("Concore") and Patricia Rice ("Rice" and, collectively, "Defendants") have moved pursuant to Rules 12(b)(1) and 56 of the Federal Rules of Civil Procedure ("Rule 12(b)(1)" and "Rule 56", respectively) to dismiss the complaint filed by plaintiffs Mason Tenders District Council of Greater New York (the "Union"), Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Fund (the "Funds"), and John J. Virga, in his fiduciary capacity as director of the Funds (the "Director" and, collectively, "Plaintiffs"). Upon the conclusions set forth below, the motion is denied.

This action is the culmination of the effort of the Plaintiffs, beginning in 2003, to enforce a collective bargaining agreement, an effort presenting the procedural hurdles described below.

**Prior Proceedings**

The Plaintiffs initiated an action against Defendants in 2003 seeking to recover delinquent fringe

benefit contributions, dues checkoffs and Political Action Committee contributions from Defendants (the "2003 Litigation"). On November 1, 2006, during a Court ordered settlement conference before the Court, the parties entered into a handwritten Settlement Agreement in which Defendants agreed to pay Plaintiffs $288,000.00 over the course of several months and to execute a formal stipulation. On November 29, 2006, the Court dismissed the case pursuant to the settlement conference held on November 6, 2009. The Defendants never negotiated or signed the formal stipulation and, further, did not make any payment under the Settlement Agreement.

Plaintiffs filed a motion for summary judgment on March 13, 2008 to enforce the Settlement Agreement. The Court dismissed that motion for lack of subject matter jurisdiction on September 29, 2009 on the basis that the terms of settlement had not been incorporated into the dismissal order (the "September 29 Order").

Plaintiffs commenced the present action against Defendants in May 2010, seeking (i) to enforce the Settlement Agreement because it is a contract between a union and

2

employer under section 301 of the Labor Management Relations Act ("LMRA"), (ii) reinstatement of the prior litigation and (iii) to compel Defendants to allow the Funds to conduct an audit of Concore's books and records from May 25, 2004 to the present under the terms of collective bargaining agreements between the Union and Defendants.

Plaintiffs moved for partial summary judgment on its claims that Defendants breached the Settlement Agreement and that the Funds were entitled to an audit of Concore's books and records. Defendants cross-moved seeking dismissal of Plaintiffs' Complaint.

On November 10, 2011, the Court issued an opinion and order (the "November 10 Opinion and Order") that granted Plaintiffs' motion for summary judgment in part, and held that the Funds were entitled to the audit requested under a valid and enforceable collective bargaining agreement and that Concore Equipment had breached the Settlement Agreement. The Court denied Plaintiffs' summary judgment as to Rice for breach of the Settlement Agreement because a fact issue existed as to personal liability and Rice's intent to be personally bound.
3

In the November 10 Opinion and Order, the Court determined that the September 29 Order was entered erroneously because there was ample evidence that the Court intended to place its judicial imprimatur on the settlement, and, as a result, the Court retains jurisdiction to enforce the November 1, 2006 Settlement Agreement.  The Court vacated the September 29 Order, reopened the 2003 Litigation and consolidated that action with the instant action.

The November 10 Opinion and Order also held that the Court had independent jurisdiction over the 2010 Litigation because Plaintiffs' breach of contract and audit claims arose from the Settlement Agreement and the collective bargaining agreements, respectively, because the contracts were between the Union and Defendants, thereby providing jurisdiction under LMRA § 301(a).

On January 28, 2013, the Court conducted a one-day bench trial on the sole remaining issue of personal liability against Rice. Following testimony of four witnesses, including Rice herself, Defendants' counsel moved to dismiss the case.  The Court denied that motion.  The Court held that Rice is

bound by, and personally liable under, the Settlement Agreement. The Court also addressed the issue of subject matter jurisdiction and stated, "[w]ell, with respect to the issue of jurisdiction, I did seek to deal with that in the 2010 [summary judgment] opinion, and I will stand by that opinion." The Court granted leave to the Defendants to submit additional briefing on the issue.

On May 20, 2013, Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction, contending that the Court's order dismissing the 2003 Litigation did not express any intent by the Court to retain jurisdiction over the Settlement Agreement as required under Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). The motion was marked fully submitted on July 26, 2013.

**The Applicable Standard**

A facially sufficient complaint may be "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Once subject matter

jurisdiction is challenged, the burden of establishing jurisdiction rests with the party asserting that it exists. See Thomson v. Gaskill, 314 U.S. 442, 446 (1942) (citations omitted).  The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction. See Makarova, 201 F.3d at 113.

"[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citations omitted).  As such, a court may rely on evidence outside of the pleadings, including declarations submitted in support of the motion and the records attached to these declarations. See Makarova, 201 F.3d at 113 ("In resolving a motion to dismiss ... under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings.").

A motion under Rule 56 must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether

a genuine issue of material fact exists, the courts do not try issues of fact, but, rather, determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of N.Y., 72 F.3d 1051, 1060-61 (2d Cir. 1995) (citation omitted). Summary judgment is appropriate where the moving party has shown that "little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). In considering a motion for summary judgment, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inference in its favor, and may grant summary judgment only

7

when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir.1995) (internal quotation marks and citations omitted); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "the non-moving party may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of events is not wholly fanciful." Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999) (internal quotation marks and citation omitted).

It is noted that no factual statements have been presented by the Defendants pursuant to Local Rule 56.1. The motion will therefore treated as a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

**The Motion To Dismiss For Lack Of Subject Matter Jurisdiction Is Denied**

*A. Jurisdiction Has Previously Been Determined.*

Despite Defendants' contention that the Court did not intend to retain jurisdiction on summary judgment, the

November 10 Opinion and Order addressed this issue and expressly noted that retention of jurisdiction is proper "where, there is ample evidence . . . that the District Court intended to place its judicial imprimatur on [a] settlement, the court retains jurisdiction to oversee the enforcement of the agreement." <u>November 10 Opinion and Order</u>, 2011 U.S. Dist. LEXIS 132200, at **20-21.

> Specifically the Court held:
>
> Here, the November 29, 2006 order dismissing the [2003 Litigation] stated: "Pursuant to the pre-trial conference held before the Court on 11-1-06 and the Court having been advised that this action is settled, IT IS ORDERED that the Clerk of the Court terminate all pending motions and this action is dismissed." The record thus establishes that the September 29 Order was in error in view of the fact that the Court's November 29, 2006 order of dismissal referenced the parties' November 1, 2006 pretrial conference and by implication, the November 1, 2006 [Settlement] Agreement. *There is ample evidence that the Court intended to place its judicial imprimatur on the settlement and, as a result, the Court retains jurisdiction to enforce the November 1, 2006 [Settlement] Agreement.*

<u>Id.</u> at *21 (emphasis added).

Because the case had settled before the Court, the Court retained jurisdiction over the Settlement Agreement. *See, e.g., Perez,* 587 F.3d at 150-53 (court's order dismissing civil rights lawsuit based upon parties' settlement was sufficient judicial imprimatur to render plaintiffs prevailing parties, where defendant agreed to provide plaintiffs with essentially all the relief they sought, in consideration of plaintiffs' agreement to dismiss lawsuit).

The November 10 Opinion and Order considered and determined that the Court has subject matter jurisdiction over the Settlement Agreement.

*B. LMRA § 301 Establishes Jurisdiction*

The Settlement Agreement is a contract between Union and Employer within the meaning of LMRA § 301(a). See November 10 Opinion and Order, 2011 U.S. Dist. LEXIS 132200, at *24.

Section 301(a) provides:

10

> Suits for violation of contracts between
> an employer and a labor organization
> representing employees in an industry
> affecting commerce as defined in this Act,
> or between any such labor organizations,
> may be brought in any district court of
> the United States having jurisdiction of
> the parties, without respect to the amount
> in controversy or without regard to the
> citizenship of the parties.

29 U.S.C. § 185(a).[1]

The Settlement Agreement in this case is a contract between the Plaintiff Union and the Defendant Employer. Thus, LMRA § 301(a) allows the Union to file a lawsuit in federal district court.

Further, jurisdiction is proper under LMRA § 301 because claims in the 2010 Litigation which arise from the collective bargaining agreements with the Union in place that bind both Concore Equipment as well as Rice individually.

---

[1] Under LMRA § 301(b), 29 U.S.C. § 185(b), the Union may sue or be sued as an entity and on behalf of the employees it represents. Concore is for-profit domestic corporation doing business in the City and State of New York and employs Mason Tenders. Thus, as has already been determined, Concore is an employer whose activities affect commerce within the meaning of LMRA § 301(a) and (b), 29 U.S.C. § 185(a) and (b) and an employer within the meaning of §§ 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

Summary judgment has been granted in favor of Plaintiffs on the audit claim and ordered that Defendants must submit Concore's books and records for an audit to determine any additional unpaid fringe benefit contributions, dues checkoffs and PAC contributions from May 2004 - May 2010.

A district court has jurisdiction over an action filed by a union against an employer to enforce the provisions of a contact under LMRA § 301. <u>United Constr. Workers v. Electro Chem. Engraving Co.</u>, 175 F. Supp. 54, 56-57 (S.D.N.Y. 1959); <u>Bevona v. Am. Bldg. Maint.</u>, No. 96 Civ. 2675; 1996 U.S. Dist. LEXIS 7711 at *6 (S.D.N.Y. June 6, 1996) (district courts have subject matter jurisdiction to determine whether agreement exists under LMRA § 301(a)). "[I]t is axiomatic, however, that to determine whether a breach of agreement has occurred, a court must necessarily determine whether a valid agreement exists in the first place." <u>Kozera v. Westchester-Fairfield Chapter of Nat'l Elec. Contractors Assoc., Inc.</u>, 909 F.2d 48, 52 (2d. Cir. 1990), <u>cert. denied</u>, 498 U.S. 1084 (1991).

As the Court has already determined, the Settlement Agreement and the collective bargaining agreements are

contracts between the Union and the Defendants within the meaning of LMRA § 301. See 29 U.S.C. § 185(a).[2] As such, the Court has subject matter jurisdiction over this action filed by the Union against Concore/Rice to enforce the provisions of these contacts pursuant to LMRA § 301. See United Constr. Workers, 175 F. Supp. at 56-57.

## Conclusion

Upon the conclusions set forth above, the Defendants' motion to dismiss is denied.  Settle judgment on notice.

It is so ordered.

**New York, NY**
**September 18, 2013**

ROBERT W. SWEET
U.S.D.J.

---

[2] Ancillary jurisdiction exists when enforcement of the Settlement Agreement would "permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," or to "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379-80.

13