UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and
TRAINING FUND, and JOHN J. VIRGA,                10 Civ. 4227
in his fiduciary capacity as                       OPINION
FUNDS Director,

                    Plaintiffs,

      -against-

CONCORE EQUIPMENT, INC. and
PATRICIA RICE a/k/a PAT RICE,

                    Defendants.

-------------------------------------X

A P P E A R A N C E S:

            Attorneys for Plaintiffs

            GORLICK, KRAVITZ & LISTHAUS, P.C.
            17 State Street, 4th Floor
            New York, NY  10004-1501
            By:  Deke W. Bond, Esq.

            Attorneys for Defendants

            TRIVELLA & FORTE, LLP
            1311 Mamaroneck Avenue, Suite 170
            White Plains, NY  10605
            By:  Christopher A. Smith, Esq.

**Sweet, D.J.**

This ERISA action has been convoluted and difficult as
demonstrated in the opinions filed on November 10, 2011 and
September 20, 2013. Ultimately, the defendants Concore
Equipment, Inc. ("Concore") and Patricia Rice ("Rice"),
Concore's owner, have been held liable for the $288,000
settlement of the initial ERISA claim.

Concore is defunct and Rice is without resources and
is contemplating bankruptcy. The plaintiffs Mason Tenders
District Council of Greater New York, the Mason Tenders District
Council Welfare Fund, Pension Fund, Annuity Fund and Training
Fund and John J. Virga, as Funds Director ("Mason Tenders" or
collectively, the "Plaintiffs") now seek attorneys' fees of
$108,814 as prevailing parties under ERISA § 502(g)(2)(D).

The settlement did not provide for attorneys' fees and
did not constitute an ERISA determination. The summary judgment
requiring an audit has not resulted in an ERISA judgment.
However, in any ERISA action, the Court also has the discretion
to award reasonable attorneys' fees and costs of action to
either party. *Hardt v. Reliance Stand. Life Ins. Co.*, 560 U.S.

1

242, 130 S. Ct. 2149, 2159 (2010); *Levitian v. Sun Life and Health Ins. Co.*; 90 Civ. 2965; 2013 U.S. Dist. LEXIS 11567 (S.D.N.Y. Aug. 14, 2013). That standard provides that attorney's fees may be awarded by the court when a party has achieved "some degree of success on the merits." *Id.* At 2159.

The November 1, 2006 settlement document is not a collective bargaining agreement and its enforcement does not trigger the attorney fee provisions of 29 U.S.C. § 1132.

Plaintiffs also do not meet the five factor test established by the Second Circuit for a discretionary award of attorneys' fees:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 138 (2d Cir. 2000) (quoting *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987), *cert.*

*denied*, 496 U.S. 905, 110 S.Ct. 2587, 110 L.Ed.2d 268

(1990)). Bad faith has not been established, the ability of

the Defendants to satisfy an award is problematic, and the

unique circumstances presented diminish any deterrent

effect. The merits favor the Plaintiffs, but practicality

favor the Defendants, and the benefits to granting the

motion is limited.

## Conclusion

        As an exercise of discretion, the motion for

attorneys' fees is denied.

        It is so ordered.

**New York, NY**
**May** / 𝛿⁻, **2014**

_____

ROBERT W. SWEET